**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
CAROL FLANAGAN, DEBRA FLANAGAN,  :
MICHAEL FLANAGAN, EUGENE FLANAGAN  :
                              :    No.
                 Plaintiffs,  :
                               :
         vs.            :    **ORIGINAL COMPLAINT**
                               :
FIDELITY NATIONAL PROPERTY &  :
CASUALTY INSURANCE COMPANY  :
                               :    **Jury Trial:  No**
                               :
             Defendant.  :
-------------------------------------------------------------X

       Plaintiffs, by their attorneys, Gauthier, Houghtaling & Williams, for their Complaint against the Defendant, Fidelity National Property & Casualty Insurance Company, allege the following upon information and belief:

**PARTIES**

      1.    The Plaintiffs listed in the table below are individuals who reside and are domiciled in this judicial district.  Their property, located at the address shown below, was insured against flood damages by the Defendant.

| Name | Property Street | City | State | Zip | Insurance Policy Number |
|---|---|---|---|---|---|
| Flanagan, Carol, Michael, Debra, Eugene | 317 Beach 91st St | Rockaway | NY | 11693 | 31 4400519804 |

      2.    Fidelity National Property & Casualty Insurance Company ("Defendant"), was and is a private insurance company incorporated under the laws of the State of California with its

principal place of business located at 601 Riverside Avenue, Building 5, Jacksonville, FL 32204.

3.     Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq.  Defendant issued Standard Flood Insurance Policies (the "Policies") in its own name, as a fiscal agent of the United States.  Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION

4.     This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policy that Defendant procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act.  The Policy covered losses to Plaintiffs' property, which is located in this judicial district.

5.     Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under an NFIA Policy, without regard to the amount in controversy, whether brought against the government or a WYO company.

6.     This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

**VENUE**

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' property is located and where a substantial part of the events at issue took place.

**FACTUAL BACKGROUND**

9.    Plaintiffs purchased a Standard Flood Insurance Policy (the "Policy") from Defendant to insure their property and contents located at the address shown above against physical damage by or from flood.

10.    Plaintiffs paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

11.    On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiffs' insured property.

12.    As a result of the Storm, Plaintiffs suffered losses by and from flood to their insured property and to personal property and contents located therein.  Plaintiffs have incurred and/or will incur significant expenses to repair and replace their flood-damaged property.

13.    Plaintiffs reported the damage and properly submitted their claims to Defendant. Plaintiffs duly performed and fully complied with all of the conditions of the Policy.

14.    Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the claims of each Plaintiff.

15.    Plaintiffs retained independent experts to evaluate the damages to their insured property caused by and from flood.  The experts determined and found conclusive evidence that the flood event critically damaged Plaintiffs' covered property.  These damages were thoroughly

documented and reports were submitted to Defendant for review.  Defendant has unfairly and improperly persisted in denying the claims.

## FIRST CLAIM FOR RELIEF

*Breach of Contract*

16.     Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

17.     Plaintiffs and Defendant entered into contracts when Plaintiffs purchased and Defendant issued the Policy.

18.     The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage caused by flood to their property and contents located at the addresses shown above.

19.     Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with Defendant regarding their   claims.  Plaintiffs complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent.

20.     Defendant failed to perform and materially breached the insurance contracts when it wrongly failed to pay and refused to reimburse Plaintiffs what they were owed for damages the Storm caused to property covered by the Policy.  Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

21.     By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for their covered losses, Defendant is liable to and owes each Plaintiff for the actual damages he or she sustained as a foreseeable and direct result of the breach, all costs

associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiffs may prove as allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiffs named herein respectfully request that the Court enter judgment in their favor for such amounts as Plaintiffs may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

Respectfully submitted,

**Gauthier Houghtaling and Williams**

By:

Sean Greenwood
SG 3836
52 Duane Street, FL 7
New York, NY 10007
Telephone: (646) 461-9197
Facsimile: (713) 630-8074

Attorneys for Plaintiffs

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
CAROL FLANAGAN, DEBRA FLANAGAN,      :
MICHAEL FLANAGAN, EUGENE FLANAGAN  :
:
:                     No.
:
                        Plaintiffs,          :
:
              vs.                            :          **RULE 7.1(a) STATEMENT**
:
FIDELITY NATIONAL PROPERTY &         :
CASUALTY INSURANCE COMPANY      :
:
:
                        Defendant.        :
-----------------------------------------------------------X

PURSUANT to Rule 7.1(a) (Formerly Local Civil Rule 1.9) of the Federal Rules Civil

Procedure, in order to enable judges and magistrate judges of the Court to evaluate possible

disqualification or recusal, the undersigned counsel for Plaintiffs, a non-governmental party,

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which

are publicly held:  NONE.

Dated:  New York, New York

         October 25, 2013

                                             Respectfully submitted,

                                             Gauthier Houghtaling & Williams, LLP

                                             By:
                                                   Sean Greenwood
                                                   SG 3836
                                                   52 Duane Street, Fl 7
                                                   New York, NY 10007
                                                   Telephone: (646) 461-9197
                                                   Facsimile: (713) 630-8074
                                             Attorneys for Plaintiff